NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AUDREY TAYLOR, | : |
| Plaintiff, | : Civ. No. 05-5944 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| NEW JERSEY LOTTERY, et al., | : |
| Defendants. | : |

**BROWN, Chief Judge**

This matter comes before the Court upon plaintiff Audrey Taylor's ("Plaintiff") objection to Magistrate Judge Hughes's October 3, 2006 Report and Recommendation. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions, and for the reasons set forth below, will overrule Plaintiff's objection.

**I.   BACKGROUND**

On December 27, 2005, Plaintiff filed the present lawsuit against defendants New Jersey Lottery, Michelle Davis, Margret Square, and Dan Becht ("Defendants") for their alleged manipulation of the New Jersey State Lottery drawings. Plaintiff alleges that the "[d]rawings are illegal, falsified and not the true actual drawings of New Jersey Lottery [] within the State." (Compl. 1.) Plaintiff claims that as a result of Defendants' alleged conduct, she suffered "humiliation, mental, social distress and [psychological] pain and suffering." (*Id.*)

On August 25, 2006, Plaintiff filed a motion for judgment and damages in the amount of $1 million. Plaintiff requested "[j]udgment against the defendants for failing to comply timely since filing this civil matter and for not revising the answers to my original complaint . . . ." (Pl.'s Br. in Support of Mot. for Judgment at 2.)

On October 3, 2006, Judge Hughes issued a Report and Recommendation ("Report and Recommendation") that Plaintiff's motion be denied. On October 16, 2006, Plaintiff filed an objection to the Report and Recommendation. The Court will now address Plaintiff's objection.

## II.     DISCUSSION

### A.     Standard of Review

Review of a Magistrate Judge's report and recommendation, as well as objections to it, is governed by Local Civil Rule 72.1. The rule provides that the Court "shall make a *de novo* determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2). In conducting its review, the Court "may consider the record developed before the Magistrate Judge, making [its] own determination on the basis of that record." *Id.* See also *State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

### B.     Plaintiff's Motion for Judgment and Damages

In objecting to the October 3 Report and Recommendation, Plaintiff repeats the same arguments that she made in support of her motion for judgment and damages. Plaintiff argues that Defendants "have failed to comply with my request [to] timely [answer] my initial complaint" and that, when they did answer, "their answers were not understandable . . . ." (Pl.'s Objection at 2.) Plaintiff further argues that Defendants did not answer Plaintiff's interrogatories within the time limit set forth in the Pretrial Scheduling Order. (*Id.*)

In his Report and Recommendation, Judge Hughes addressed these same arguments. According to Judge Hughes, "Plaintiff sought, and continues to seek, judgment against Defendants in part because Defendants [a]nswered the Complaint using legal language which was not easily understood by Plaintiff." (Report and Recommendation at 3.) Judge Hughes

correctly noted, however, that "there [is] no legal requirement that Defendant amend his Answer." (*See id.*)

Judge Hughes also addressed Plaintiff's argument that her motion should be awarded because of "Defendants' failure to answer interrogatories within the time frame required by the Pretrial Scheduling Order." (*Id.* at 4.) That order "required that discovery be completed on or before July 30, 2006." (*Id.*) Judge Hughes observed that, in a letter from Plaintiff dated August 22, 2006, "Plaintiff indicated that Defendants were seeking to answer the interrogatories." (*Id.*) According to Judge Hughes, "Plaintiff has offered no further evidence of Defendants' failure to respond." (*Id.* at 3.) Judge Hughes correctly rejected Plaintiff's argument that Defendants' failure to answer her interrogatories warrants judgment in her favor.

### III.   CONCLUSION

For the above reasons, the Court: (1) overrules Plaintiff's objection to Magistrate Judge Hughes's October 3, 2006 Report and Recommendation; (2) adopts the Report and Recommendation in its entirety; and (3) denies Plaintiff's motion for judgment and damages. An appropriate form of order is filed herewith.

Dated:  October 27, 2006

                                                 s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.