<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AUDREY TAYLOR, :<br>　　　　　　　　　　Plaintiff, :<br>　　v. :<br>NEW JERSEY LOTTERY, et al., :<br>　　　　　　　　　　Defendants. : | Civ. No. 05-5944 (GEB)<br>**MEMORANDUM OPINION** |

<u>**BROWN, Chief Judge**</u>

　　This matter comes before the Court upon pro se plaintiff Audrey Taylor's ("Plaintiff") motion to reopen this case and motion for reconsideration of the Court's Opinion and Order adopting Magistrate Judge Hughes' October 3, 2006 Report and Recommendation. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the Plaintiff's submissions, and for the reasons set forth below, will deny Plaintiff's motions.

**I.　BACKGROUND**

　　On December 27, 2005, Plaintiff filed the present lawsuit against defendants New Jersey Lottery, Michelle Davis, Margret Square, and Dan Becht ("Defendants") for their alleged manipulation of the New Jersey State Lottery drawings. Plaintiff alleges that the "[d]rawings are illegal, falsified and not the true actual drawings of New Jersey Lottery [] within the State." (Compl. 1.) Plaintiff claims that as a result of Defendants' alleged conduct, she suffered "humiliation, mental, social distress and [psychological] pain and suffering." (*Id.*)

　　On August 25, 2006, Plaintiff filed a Motion for Judgment and Damages ("Motion for Judgment") in the amount of $1 million. (Motion [Docket No. 17]). Plaintiff requested "[j]udgment against the defendants for failing to comply timely since filing this civil matter and for not revising the answers to my original complaint . . . ." (Pl.'s Br. in Support of Mot. for

1

Judgment at 2).

On October 3, 2006, Judge Hughes issued a Report and Recommendation ("Report and Recommendation") that Plaintiff's motion be denied. [Docket No.19]. On October 16, 2006, Plaintiff filed an objection to the Report and Recommendation [Docket No. 22]. On October 27, 2006, this Court issued a Memorandum Opinion denying Plaintiff's objections and adopting Judge Hughes' Report and Recommendation in its entirety. [Docket No. 25].

Throughout the pendency of this case, Plaintiff also filed several applications for pro bono counsel [Docket Nos. 2, 21, 28 and 31], each of which were denied by Judge Hughes. [Docket Nos. 24 and 32].[1] Plaintiff also filed an amended motion to compel Defendants to answer interrogatories [Docket No. 9] as well as a motion for default judgment [Docket No. 10] on July 10, 2006 and August 1, 2006, respectively.[2] By an order dated September 5, 2006, Judge Hughes also denied each of these motions. [Docket No. 18].

On December 11, 2007, the Clerk of this Court issued a Notice of Call for Dismissal Under Civil Rule 41.1, as the case was pending for more than 120 days without any proceeding having been taken. [Docket No. 35]. The Notice of Call for Dismissal stated that this case would be dismissed on January 7, 2008 unless good cause was shown for the failure to prosecute. On January 9, 2008, an Order dismissing the case pursuant to Civil Rule 41.1 was entered. [Docket No. 36].[3]

---

[1] Further, pursuant to Judge Hughes' June 8, 2007 order, Plaintiff also submitted a letter on May 24, 2007, again requesting the appointment of pro bono counsel. [Docket No. 34]. The Order also denied this application for pro bono counsel and noted that should the need for counsel arise, it will appoint one *sua sponte*. (June 8, 2007 Order at 2).

[2] Plaintiff filed an initial motion to compel Defendants to answer interrogatories on June 9, 2006, which Judge Hughes granted pursuant to an order filed on July 5, 2006 [Docket Nos. 7 and 8, respectively].

[3] The Court notes that, according to the docket, Plaintiff's case was previously terminated on April 18, 2007. On that same date, Plaintiff submitted a motion seeking to continue the proceedings, among other relief. [Docket No. 28]. On May 3, 2007, the case was reopened and Judge Hughes' issued an order on May 4, 2007, dismissing Plaintiff's motion seeking to continue the proceedings as moot. [Docket No. 29].

Subsequently, in April and May of 2009, Plaintiff made several submissions to the Court. On April 13, 2009, Plaintiff submitted a filing entitled "Request to Reopen the Case Default in Judgement Should of Been Issued by Judges Criminal Activities and Decision [*sic*]" ("Motion to Reopen"), in which Plaintiff requests "an investigation into [her] complaints [against the] New Jersey Lottery." [Docket No. 37]. Plaintiff also argues that

> Judge Hughs [*sic*] state[d] on [the] docket sheet [that the] attorney [for Defendants] Rasheen Williams [*sic*] appeared for [a] conference and he did not. It was documented on the docket sheet [that] Attorney Williams appeared and he never did and Judge Hughs [*sic*] knew this attorney never appeared.

(Motion to Reopen). Plaintiff further argues that she had "filed for summary judgment couple of times for [Defendants' attorney] not showing up once for this firstmeeting [*sic*] and then for times he did not answer or give an [*sic*] reply" and requests that the court issue damages to Plaintiff in the amount of $1 million. *Id.*

Plaintiff also submitted a brief in support of the Motion to Reopen on April 14, 2009. [Docket No. 39]. In the brief, Plaintiff reiterates her argument that Defendants' Attorney failed to appear at an initial conference relating to this matter but that the docket sheet inaccurately states that he was present. (Pl.'s Br. in Support of Motion). Plaintiff further states that Defendants' attorney "did not file within the deadlines" and that Plaintiff "filed for summary judgement [*sic*]" which was denied despite the fact that "defendant[s] did not comply with more than two proceedings within federal court." *Id.* Plaintiff also reiterates her claims regarding the alleged manipulation of the New Jersey State Lottery drawings. *Id.*

Also on April 14, 2009, Plaintiff filed a letter ("April 14 Letter") relating to the Motion to Reopen, asking the Court to notify her within five days if the matter will be reopened. [Docket No. 38]. Plaintiff further noted that she had previously filed an application for pro bono counsel, that she is still in need of representation and asks the Court to notify her if she must file another application for pro bono counsel or if counsel had been appointed by the Court in this matter. (April 14 Letter).

Finally, Plaintiff also submitted another letter ("May 5 Letter") addressed to the "FBI, Secret Service," and the "White House Investigation Unit" on May 5, 2009. In the May 5 Letter, Plaintiff, among other allegations unrelated to her case against Defendants, reiterates her arguments that the New Jersey Lottery is being manipulated, Defendants' attorney never appeared for an initial conference and she "put in for summary judgement [*sic*] . . . and nothing was done." (May 5 Letter at 1, [Docket No. 40]). Plaintiff further states that "people from the United States District stole my file and information and began playing the lottery and saw the information I gave was right" and also alleges similar wrongdoings on the part of the New Jersey Attorney General as well as Defendants' attorney. *Id.*

## II.     DISCUSSION

### A.     Motion to Reopen the Case

#### 1.     Standard for Rule 41.1 Dismissal of Inactive Cases

According to Local Rule 41.1(a), "[c]ivil cases, other than bankruptcy matters, which have been pending in the Court for more than 120 days without any proceedings having been taken therein must be dismissed for lack of prosecution by the Court (1) on its own motion, or (2) on notice from the Clerk to all parties who have appeared, unless good cause is shown with the filing of an affidavit from counsel of record or the unrepresented party." L. Civ. R. 41.1(a). A Court may raise a motion to dismiss an action under Rule 41 *sua sponte* under its inherent case management powers. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (holding "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (citations omitted); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982).

Although dismissal is an extreme sanction to be used in limited circumstances, *United States of America v. $8,221,877.16 in United States Currency*, 330 F. 3d 141, 161 (3d Cir. 2003),

dismissal is appropriate if a party fails to prosecute the action. Fed. R. Civ. P. 41(b); see also L. Civ. R. 41.1(a); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Failure to prosecute does not require that the party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution. *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994); *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 640-41 (1976).

### 2. Plaintiff Has Failed to Set Forth Good Cause for Her Failure to Prosecute

In all of her recent submissions, Plaintiff has not put forth any evidence nor given any explanation as to why she failed to prosecute her case. Instead, Plaintiff (1) reiterates the arguments she had previously made with respect to the New Jersey Lottery; (2) alleges that Defendants' Attorney did not appear at an initial conference in this matter; and (3) makes further allegations of wrongdoing against the New Jersey Attorney General, the Court and Defendants' Attorney. These arguments simply do not provide a basis to reopen the case because they do not set forth good cause for her failure to prosecute the matter. As such, Plaintiff's motion to reopen the case is denied.

### B. Plaintiff's Motion for Reconsideration

In her submissions, Plaintiff also appears to argue that the Court's adoption of Judge Hughes' October 3, 2006 Report and Recommendation denying her Motion for Judgment was in error. For the sake of completeness, the Court will treat these arguments as a motion for reconsideration of this decision, despite the fact that the Court finds that Plaintiff has failed to show good cause to reopen the case.[4]

---

[4]In so doing, the Court recognizes Plaintiff's pro se status in this matter. It is a "well-established principle that a pro se prisoner's pleadings should be held to less stringent standards of specificity and their complaints construed liberally." *Lewis v. Attorney General of U.S.*, 878 F.2d 714, 722 (3d Cir. 1989) (citations omitted). "We need not, however, credit a pro se litigant's bald assertions or legal conclusions." *Day v. Fed. Bureau of Prisons*, 233 Fed. Appx. 132, 132 n.

### 1.     Standard of Review

In the District of New Jersey, motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1.  The United States Court of Appeals for the Third Circuit has made clear that motions for reconsideration should only be granted in three situations: (1) when an intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). If none of these three bases for reconsideration is established, "the parties should not be permitted to reargue previous rulings made in the case." *Oritani Sav. & Loan Ass'n. v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).  Further, "[b]ecause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly.'" *NL Indus. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996), (quoting *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)).

### 2.     Application

Plaintiff has not argued that there has been an intervening change in controlling law nor that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. Instead, it appears that Plaintiff is arguing that reconsideration is appropriate because new evidence has become available.  Specifically, in addition to Plaintiff's reiteration of the arguments made in her Motion for Judgment, Plaintiff also now alleges that Defendants' attorney did not appear at an initial conference despite the fact the "docket sheet" indicates that he did. (*See* Motion to Reopen; Pl.'s Br. in Support of Motion).  Plaintiff further argues, that "people from the United States District stole [her] file and information and began playing the lottery and saw the information [she] gave was right" and also alleges similar wrongdoing on the part of the New Jersey Attorney General and Defendant's Attorney. (May 5 Letter at 1).

Even if Plaintiff had submitted evidence in support of these contentions, which she has

---

2 (3d Cir. 2007) (internal quotation marks and citations omitted).

not, they nevertheless do not support a reversal of this Court's adoption of Judge Hughes' Report and Recommendation denying Plaintiff's Motion for Judgment. They are unrelated to the relief sought in the Motion for Judgment, namely that Defendants be required to amend their answer and to answer certain interrogatories. (Mem. Op. Adopting Report and Recommendation at 4). Plaintiff has not submitted any additional evidence with respect to this desired relief nor the contentions set forth in the Motion for Judgment. As such, Plaintiff's motion for reconsideration is also denied.[5]

### III. CONCLUSION

For the above reasons, Plaintiff's motions to reopen the case and for reconsideration are denied. An appropriate form of Order is filed herewith.

Dated: May 19, 2009

                                                  /s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.

---

[5] The Court notes that, in the April 14 Letter, Plaintiff also states that she had previously filed an application for pro bono counsel and asks that the Court notify her if she must renew this application or, alternatively, if pro bono counsel has been assigned to her. (April 14 Letter). As noted above, Judge Hughes has previously denied each of Plaintiff's applications for pro bono counsel. [Docket Nos. 24, 32 and 34]. Further, because the Court has held that Plaintiff's case should not be reopened, her request for another application for pro bono counsel is unnecessary.